ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| LUIS H. QUIÑONES SANTIAGO<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDOS | KLRA202300531 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br><br>GMA500-1022-23<br><br>Sobre:<br><br>Solicitud de Remedio Administrativo |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Luis Hiram Quiñones Santiago (en adelante "recurrente" o "señor Quiñones Santiago"), quien se encuentra bajo custodia del Departamento de Corrección y Rehabilitación (en adelante "recurrido" o "Departamento"), recurre ante nos por derecho propio y en forma *pauperis* mediante un recurso acogido como una revisión administrativa. En su escrito nos solicita la revocación de una determinación de la División de Remedios Administrativos del Departamento notificada el 6 de octubre de 2023.

Por los fundamentos que exponemos a continuación *confirmamos* la determinación recurrida. Veamos.

**I.**

El 1 de agosto de 2023, el señor Quiñones Santiago presentó la *Solicitud de Remedio Administrativo GMA500-1022-23* ante la División de Remedios Administrativos del Departamento (División de Remedios). En síntesis, expuso que el 26 de julio de 2023 le entregó a su técnico socio penal una solicitud de reconsideración en torno a una determinación emitida por el Comité de Clasificación y Tratamiento mas a la fecha no le

Número Identificador
SEN2023 _____

habían entregado copia del recibo de ésta según prescribe el Artículo IV (A)(2)(c) del Manual para la Clasificación de los Confinados, *infra.*

El 18 de agosto de 2023, el Departamento emitió una determinación intitulada *Respuesta al Miembro de la Población Correccional* mediante la cual desestimó la solicitud de remedio por representar una solicitud de fútil o insustancial que no conlleva a remediar su situación de confinamiento.

El 15 de septiembre de 2023, el señor Quiñones Santiago presentó una *Solicitud de Reconsideración* ante la División de Remedios*.* En su escrito peticionó nuevamente la entrega del acuse de recibo de la solicitud de reconsideración presentada ante el Comité. El 6 de octubre de 2023 la División de Remedios notificó una *Respuesta de Reconsideración al Miembro de la Población Correccional* denegando su petición de reconsideración a la vez que consignó lo siguiente:

> Luego de evaluar la solicitud de Reconsideración se determinó la modificación de la contestación de la Evaluadora.
>
> Sr. Quiñones Santiago, en su Solicitud de Remedio usted expresó su interés en dar seguimiento [a] una Solicitud de Reconsideración ante el Comité de Clasificación y Tratamiento. El caso fue discutido en el área de Sociales. Nos informaron que dicha Solicitud fue enviada al Nivel Central para su evaluación. En los próximos días será orientado sobre la determinación del Comité.

Inconforme con la determinación agencial, el 13 de octubre de 2023, el recurrente acudió a este Tribunal mediante el recurso de revisión administrativa que nos ocupa. En su escrito plantea que el Departamento incidió al no atender su reclamo en torno a la inobservancia de la entrega del acuse de recibo de la petición de reconsideración que sometiera ante el Comité de Clasificación y Tratamiento, según ordena el Manual para la Clasificación de los Confinados, *infra*. A su juicio, tal incumplimiento ameritaba además la imposición de sanciones a los funcionarios correspondientes de conformidad con lo dispuesto en el referido Manual.

De acuerdo con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, prescindimos de solicitar al Departamento su comparecencia en aras de ofrecer un

eficiente despacho del asunto. A tales efectos, exponemos a continuación el marco jurídico aplicable y resolvemos de conformidad.

II.

*A. Estándar de revisión de las determinaciones administrativas*

En nuestro ordenamiento jurídico las decisiones de las agencias administrativas gozan de la mayor deferencia por los tribunales. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Esta norma de deferencia se basa en que las agencias son las que cuentan con conocimiento especializado en los asuntos que les han sido encomendados, así como con vasta experiencia en la implantación de sus leyes y reglamentos. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Camacho Torres v. Admin. para el Adiestramiento de Futuros Empresarios y Trabajadores*, 168 DPR 66 (2006). Es por ello que tales determinaciones tienen a su favor una presunción de legalidad y corrección que debe respetarse. *DACo v. AFSCME*, 185 DPR 1, 26 (2012); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744 (2012).

Las determinaciones finales de las agencias administrativas son revisadas como cuestión de derecho en este Tribunal de Apelaciones mediante el recurso de revisión administrativa. Ley de la Judicatura de Puerto Rico de 2003, 4 LPRA sec. 24y. El estándar de revisión de este tipo de recurso está fundamentado en el principio rector de la razonabilidad; es decir, se examina que la agencia no haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado un abuso de discreción. *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía*, 196 DPR 606, 626 (2016). En este sentido, la revisión judicial se limita a examinar: 1) si el remedio concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley. *Asoc. Fcias. v. Caribe Specialty et al. II*, supra, pág. 940; véase, además, Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9675.

No obstante, la deferencia judicial cede cuando la actuación administrativa es irrazonable o ilegal y ante interpretaciones administrativas que conduzcan a la comisión de injusticias. *Asoc. Fcias. V. Caribe Specialty II*, supra, pág. 941. Así, para impugnar la razonabilidad de una determinación o demostrar que la evidencia que obra en el expediente administrativo no es sustancial, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de tal evidencia. *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 398 (1999).

De otro lado, las conclusiones de derecho de la agencia son revisables en todos sus aspectos, sin sujeción a norma o criterio alguno. *Rebollo v. Yiyi Motos,* 161 DPR 69, 77 (2004). Aun así, debemos dar deferencia a las interpretaciones que los organismos administrativos hacen de las leyes y reglamentos que administran. Ante casos dudosos, donde pueda concebirse una interpretación distinta de estas leyes y reglamentos, la determinación de la agencia merece deferencia sustancial. *Torres Santiago v. Depto. de Justicia,* 181 DPR 969, 1002 (2011).

*B. Manual para la Clasificación de los Confinados*

El Manual para la Clasificación de los Confinados, Reglamento 9151, del 22 de enero de 2020, fue adoptado por el Departamento para establecer un sistema organizado para ingresar, procesar y asignar a los confinados a sus correspondientes instituciones y programas con el fin de proveer la información necesaria para lograr eficacia en la administración, investigación y preparación de presupuestos.[1] Art. II, Reglamento 9151.

En lo aquí pertinente, el inciso (A) del Artículo IV, Sección 6 del Reglamento 9151, *supra,* dispone el procedimiento que habrá de seguir todo confinado que esté en desacuerdo con la decisión sobre custodia del Comité de Clasificación y Tratamiento, al disponer lo siguiente:

IV. PROCEDIMIENTO DE RECONSIDERACIÓN
El confinado que esté en desacuerdo con la decisión del Supervisor de la Unidad Sociopenal (sumariado) o del Comité de Clasificación y Tratamiento (sentenciados), podrá

---

[1] Enmendado por el Reglamento 9287 del 20 de mayo de 2021.

reconsiderar la decisión sobre custodia. Estos serán informados de su derecho de reconsiderar esta decisión de custodia presentando un recurso de revisión ante el Tribunal Apelativo dentro del término de treinta (30) días del recibo de la decisión de custodia o mediante el siguiente proceso:

A.  El procedimiento de reconsideración es el siguiente:
1.  El confinado recibirá copia de la decisión formal de clasificación emitida por el Técnico de Servicios Sociopenales, a más tardar de dos (2) días laborables después que el Supervisor o el Comité haya considerado el caso;
2.  Si algún confinado decide reconsiderar la decisión, deberá seguir el siguiente procedimiento:
    a.  El confinado someterá una reconsideración por escrito no más tarde de veinte (20) días calendarios después de la fecha en que el confinado reciba la decisión de clasificación sobre custodia.
    b.  La reconsideración será sometida en el Formulario de Reconsideración de Clasificación (Apéndice I, Anejo 1).
    c.  El confinado someterá el Formulario de Reconsideración de Clasificación al Supervisor de la Unidad Sociopenal por conducto del Técnico de Servicios Sociopenales, y a su vez éste le entregará copia del recibo. Se archivará copia de los documentos en el expediente social del confinado.
    d.  El Supervisor de la Unidad Sociopenal anejará al Formulario de Reconsideración la totalidad del expediente administrativo que se utilizó para la clasificación de custodia del confinado y lo enviará al Supervisor de la Oficina de Clasificación de Confinados en los próximas dos (2) días laborables.
    e.  Si la reconsideración es sometida por el confinado fuera de los términos señalados, el Supervisor de la Unidad Sociopenal la enviará a la Oficina de Clasificación de Confinados, quien determinará si acepta la misma, siguiendo los procedimientos establecidos.

III

El asunto ante nuestra consideración nos requiere analizar si la División de Remedios Administrativos del DCR erró al denegar la solicitud de remedio del señor Quiñones Santiago en la que peticionaba que se le entregara un acuse de recibo de cierto documento. Al auscultar nuestra jurisdicción sobre el asunto consideramos que la División de Remedios emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional* denegando la petición de reconsideración del peticionario.[2] De conformidad con el inciso (4) de la Regla XIV del Reglamento para

---

[2] Véase *Anejo 4* del *Apéndice* del recurso de revisión administrativa del peticionario.

Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8522 del 3 de junio de 2015, el peticionario puede recurrir en revisión judicial ante este Tribunal de Apelaciones para requerir la revisión de dicha *Respuesta*. Cónsono con dicho cuerpo reglamentario, la misma determinación recurrida advierte al peticionario su derecho a acudir ante este Tribunal por haberse denegado su solicitud de reconsideración. Por consiguiente, habiéndose notificado la *Respuesta* el 6 de octubre de 2023, el peticionario tenía hasta el 6 de noviembre de 2023 para presentar su recurso. Radicado su recurso el 13 de octubre de 2023, lo hizo dentro del término jurisdiccional requerido.

Tal cual reseñamos, nuestro ordenamiento nos requiere otorgar gran deferencia a las determinaciones administrativas debido a su *expertise* sobre los asuntos que adjudican. Es por ello que, nuestra función revisora está limitada a examinar si las determinaciones administrativas están sostenidas con evidencia sustancial, si la agencia erró al aplicar la ley y si el remedio concedido fue razonable.

En su recurso ante nos, el señor Quiñones Santiago nos solicita que revoquemos la determinación emitida por la División de Remedios del Departamento pues según alegó el Art. IV(A)(c) del Reglamento 9151, *supra,* obliga a la unidad sociopenal a entregarle acuse de recibo de su solicitud de reconsideración ante el Comité de Clasificación y Tratamiento. Si bien el recurrente tiene razón en plantear que el técnico de la unidad sociopenal viene obligado a entregarle un acuse de recibo de su solicitud de reconsideración ante el Comité, del referido reglamento no surge un término específico para que dicho funcionario cumpla con este deber. Adviértase que el Reglamento 9151, *supra,* establece términos específicos para que el confinado presente su solicitud de revisión de la determinación de custodia del Comité de Tratamiento y Clasificación ante este Tribunal de Apelaciones (30 días) o su solicitud de reconsideración ante el mismo Comité (20 días). También dispone que en un término especifico de dos (2)

días laborables, el supervisor de la Unidad Sociopenal remitirá la solicitud de reconsideración junto a la totalidad del expediente administrativo a la Oficina de Clasificación de Confinados. No obstante, el cuerpo reglamentario objeto de examen no establece un término específico para que la unidad sociopenal entregue al confinado el acuse de recibo de su solicitud de reconsideración ante el Comité.

En atención a lo anterior no podemos concluir que la División de Remedios erró al denegar su solicitud de remedio.

IV.

Por los fundamentos antes expuestos *confirmamos* la determinación administrativa recurrida.

Notifíquese al señor Luis H. Quiñones Santiago en la Institución Guayama 500, Edificio A-C #093.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones